Submitted December 18, 2008, affirmed June 24, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES ALLEN BILBRO,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI051618; A132639

210 P3d 943

Matthew C. McKean and Nachtigal, Eisenstein & Associates filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was arrested on suspicion of boating under the influence of intoxicants (BUII), ORS 830.325, after he was found drifting down the Deschutes River in a non-motorized rubber raft under circumstances that led the arresting officer to believe that defendant was under the influence of marijuana. The officer asked defendant to submit to a urine test, and defendant refused. Defendant filed a pretrial motion to exclude evidence of his refusal. The trial court denied the motion. Evidence of defendant's refusal was offered at his trial, and, in closing argument, the state contended that he refused to submit to a urine test because he knew that he would test positive for marijuana. Defendant was convicted of BUII.

On appeal, defendant assigns error to the trial court's denial of his motion to exclude evidence of his refusal to submit to a urine test. In support of his assignment, defendant relies on the implied consent statutes related to boating. One of those statutes, ORS 830.515, provides that,

> "[i]f a person refuses or fails to submit to chemical tests of the breath, blood or urine * * *, evidence of the person's refusal or failure to submit is admissible in any criminal or civil action or proceeding arising out of acts alleged to have been committed while the person was operating a boat while under the influence of intoxicating liquor or controlled substances."

Defendant notes that, for purposes of that statute, ORS 830.510(4) defines "boat" as "a motorboat or sailboat."[1] Defendant's sole argument is that, because his raft was neither a motorboat nor a sailboat, the implied consent statutes do not apply and, consequently, evidence of his refusal to submit to a urine test could not be used against him in the BUII prosecution.

---

[1] The statutes relating to BUII include two different definitions of "boat." For purposes of the prohibition of boating under the influence of intoxicants, "boat" is defined broadly and includes rafts such as defendant's. *See* ORS 830.005(2); *State v. Lambert*, 227 Or App 614, 206 P3d 1065 (2009) (inflatable raft is "boat" under ORS 830.005(2)). For purposes of the implied consent statutes relating to boating, "boat" is defined more narrowly as "a motorboat or sailboat." ORS 830.510(4).

The problem with defendant's argument is that the trial court did not rule that evidence of defendant's refusal was admissible under the implied consent statutes. Indeed, the court agreed with defendant that those statutes do not apply, given that defendant's raft was not a "boat" under the pertinent definition. Rather, in denying the motion to exclude, the court concluded that the evidence was admissible under general relevance principles.

On appeal, defendant does not challenge that conclusion. As noted, his sole argument is that the implied consent statutes do not apply. He does not argue that ORS 830.515 provides the only authority for admitting evidence of refusal to consent to testing. Nor does he raise any constitutional issues. Accordingly, he has not presented any basis for us to conclude that the trial court erred in denying his motion to exclude.

Affirmed.